

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Tom F. Coleman, Jr
County Attorney
Angelina County
Lufkin, Texas

Dear Sir:

Opinion Number 0-3487
Re: Can the widening of ex-
isting streets and the ac-
quisition of new right-of-
ways be included within the
term "Street Improvement"
as used in the ordinance call-
ing the bond election mentioned?

We acknowledge receipt of your opinion request of
recent date and quote from your letter as follows:

"The City of Lufkin, a Home Rule city, voted
a bond issue of $100,000.00 for the purpose of
making street improvements. The proposition
submitted to the voters is in the following
words:

"'Shall the City Commission of the City
of Lufkin, Texas, be authorized to issue
the bonds of the City of Lufkin in the sum
of $100,000.00, payable serially not to
exceed twenty (20) years from their date,
bearing interest at a rate not to exceed
4 per cent per annum and to levy a tax suf-
ficient to pay the interest on said bonds
and create a sinking fund sufficient to re-
deem them at maturity, for the purpose of
construction street improvements in and for
said city, as authorized by the Constitution
and laws of the State of Texas.'

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Tom F. Coleman, Jr., #2

"Since the election for and the sale of the bonds, the State Highway Department of the State of Texas has approached the City with a proposition for the re-routing of U. S. Highway Number 59 through the city limits for the purpose of relieving a congested traffic condition which exists within the city limits. One of the requirements of the Highway Department is that the City furnish all necessary right-of-way. The route selected by the Highway Department and agreed upon by the City takes in existing streets which will have to be widened and also traverses territory over which no public or private street has ever been opened or dedicated. Since the City has no available special or general funds, other than the proceeds of the above mentioned bond sale, which it can expend for property damage in connection with the widening of existing streets and the acquisition of new right-of-way over territory where there does not now exist any streets, it contemplated the use of a portion of the proceeds of the above referred to street improvement bonds for this purpose.

"The question has arisen as to whether the widening of existing streets and the acquisition of new right-of-way can be included within the term 'Street Improvement' as the same was used in the ordinance calling the election and in the notice thereof. In this connection, the City Council of the City of Lufkin made no representations to the voters prior to the election as to what streets would be improved or opened, as was the case with the county in the case of Fletcher v. Ely, 53 S. W. 2d. 817 and in the case of Black v. Strength, 246 S.W. 79."

We see from the facts stated in your letter that the City of Lufkin at this time has proceeds of a $100,000 bond issue available to be used for the purpose of "constructing street improvements in and for said city". It seems that

Honorable Tom F. Coleman, Jr., p. #3

no specific streets were designated in the election order or notice of election, and if the City Commission did not pass an order designating specific streets prior to the election, then it is in their discretion to designate the streets where the improvements will be made. Black v. Strength, 246 S.W. 79; Fletcher v. Ely, 53 S.W. (2d) 817.

The next question arising is whether or not the widening of existing streets and the acquisition of new right-of-ways can be included within the term "street improvement" as the same was used in the ordinance calling the election and in the notice thereof.

It is elementary that the funds derived from the sale of bonds may not be diverted from the purposes specified in the proposition submitted to the electors. Aransas County v. Coleman-Fulton Pasture Company, 191 S.W. 555; Heathman v. Singletary, 12 S.W. (2d) 150; Huggins v. Baden, 259 S.W. 204.

It follows that where a departure from the proposition appearing on the ballot paper is alleged, the only question is whether the expenditure contemplated is within or without the proposition upon its true construction, or, under our particular set of facts, whether or not the widening of existing streets and the acquisition of new right-of-ways would be incidental and necessary to the construction of street improvements. Adams v. Mullen, 244 S. W. 285.

Construing propositions to this end, it has been held by the Court that a bridge constructed over a river at a place intersecting a city street is a "street improvement" within the meaning of a law authorizing the creation of a bonded debt for such improvements. Berlin Iron-Bridge Company v. City of San Antonio, 50 S.W. 408, 34 Tex. Juris. 642. See also Aransas County v. Coleman-Fulton Pasture Company and Adams v. Mullen, supra.

The Attorney General's office has held in an opinion written by the Honorable Scott Gaines, former Assistant Attorney General, that road bond money may be used in the construction of the proper drains and ditches when such are appropriately and incidentally connected with the construction of the road proper. See City of Beaumont, et al. v. Priddie, et al., 65 S. W. (2d) 434.

Honorable Tom F. Coleman, Jr., p. #4

This department has held that "a survey is necessary in the acquisition of a right-of-way" (Opinion Number O-962); also that "right-of-way agents may be paid from the bond fund (Opinion Number O-1379); that "bond money may be used for fencing land acquired for right-of-way where bonds were voted for the purpose of purchasing right-of-way for the use of the State Highway Department in building State designated highways" (Opinion Number O-2430).

By an anology of reasoning we believe that widening of streets and acquiring right-of-ways are necessary incidents to street improvements.

Therefore, it is our opinion that if the City Commission finds that it is necessary to widen certain existing streets and acquire new right-of-ways for the purpose of making street improvements in the City of Lufkin, said bond money may be legally used for this purpose.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Claud O. Boothman
Assistant

APPROVED MAY 14, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

COB-s

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN